[8 NYS3d 585]

In the Matter of JUSTIN M. PINCK (Admitted as JUSTIN MICHAEL PINCK), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 20, 2015

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Thomas Graham Amon* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Supreme Court of New Jersey, by order filed August 8, 2014 (218 NJ 267, 94 A3d 906 [2014]), suspended the respondent from the practice of law for three months, effective August 16, 2014, upon a stipulation of discipline by consent dated February 25, 2014 (hereinafter the stipulation), signed by the respondent and the New Jersey Office of Attorney Ethics.

Pursuant to the stipulation, it was agreed that the respondent violated New Jersey Rules of Professional Conduct (hereinafter RPC) rules 1.1 (a) (gross neglect) and (b) (pattern of neglect), 1.3 (lack of diligence), 1.4 (b) (failure to communicate with a client), 1.16 (d) (failure to take steps to protect client's interests upon termination of representation), 1.17 (c) (2) (failure to provide written advance notice to clients of the sale of a law practice and to obtain the client's consent to new representation), (3) (failure to cause the announcement or notice of the purchase and transfer of the law firm to be published 30 days in advance) and (d) (fees charged to clients shall not be increased by reason of the sale of the law practice) and 8.4 (a) (violating or attempting to violate the Rules of Professional Conduct, knowingly assisting or inducing another to do so or doing so through the acts of another) and (c) (conduct involving dishonesty, deceit, or misrepresentation). However, the Disciplinary Review Board (hereinafter DRB), upon review of the stipulation, dismissed the charged violation of RPC 1.17 (d).

The respondent was admitted to the New Jersey Bar in 2006. He had no prior disciplinary history in that state.

In a letter dated June 16, 2014, addressed to the Clerk of the Supreme Court of New Jersey, the DRB stated that the respondent's unethical conduct arose in connection with the sale of the law practice of Pinck & Pinck. Specifically, when selling the law practice he shared with Lawrence R. Pinck, the respondent failed to timely notify 130 clients of the proposed sale, and failed to ensure that the purchasing attorney published a notice of sale. Further, in nine client matters, he engaged in gross neglect, a pattern of neglect, and lack of diligence. In seven of those matters, he failed to adequately communicate with his clients, and misrepresented the status of the case in three of the matters. Finally, he failed to return files and unearned fees in 28 client matters transferred under the terms of the sale. The respondent's lack of a prior disciplinary history was considered a mitigating factor by the DRB.

The Supreme Court of New Jersey, by order filed August 8, 2014, suspended the respondent from the practice of law for three months, effective August 16, 2014, and until the respondent satisfied the fee arbitration determinations and paid the sanction ordered by the court.

The respondent has no prior disciplinary history in New York.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice pursuant to 22 NYCRR 691.3 informing him of his right, within 20 days, to file a verified statement setting forth any of the defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c). Although duly served by the Grievance Committee on November 24, 2014, the respondent neither filed a verified statement asserting any of the enumerated defenses nor requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline.

Based on the findings of the Supreme Court of New Jersey, reciprocal discipline is imposed and the respondent is suspended from the practice of law for a period of six months.

Eng, P.J., Rivera, Skelos, Dillon and Balkin, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Justin M. Pinck, admitted as Justin Michael Pinck, is suspended from the practice of law for a period of six months, commencing June 22, 2015, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than November 23, 2015, and any application for reinstatement shall be accompanied by proof of payment of attorney registration fee arrears, if any, as well as payment for the current registration period. In such application, the respondent shall furnish satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted himself; and it is further,

Ordered that the respondent, Justin M. Pinck, admitted as Justin Michael Pinck, shall promptly comply with this Court's

rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Justin M. Pinck, admitted as Justin Michael Pinck, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Justin M. Pinck, admitted as Justin Michael Pinck, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).